**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **Case No. 15-06311 BKT** |
| **William Contractor, Inc.** | **Chapter 11** |
| Debtor | |
| **William Contractor, Inc.** | **Adversary Proceeding No. 15-00263 BKT** |
| **Plaintiff** | |
| v. | |
| **Banco Popular de Puerto Rico, et al.** | <span style="color:red">**FILED & ENTERED ON 04/01/2016**</span> |
| **Defendant** | |

## OPINION AND ORDER

Before this Court is a *Motion to Dismiss* [Dkt. No. 20] filed by Defendant, Banco Popular de Puerto Rico ("Defendant" or "Banco Popular"), an *Opposition* to said motion [Dkt. No. 21] filed by Debtor, William Contractor, Inc. ("Plaintiff" or "William Contractor"), and Defendant's *Reply* [Dkt. No. 30]. For the reasons set forth below, the Court DENIES, in part, and GRANTS, in part, Defendant's *Motion to Dismiss*.

### I.    Factual Background

On August 31, 2005, Multiplazas de Puerto Rico, Inc. ("Multiplazas") and Banco Popular executed a credit agreement under which Banco Popular extended a line of credit to Multiplazas in order to finance the construction of a shopping mall. See [Dkt. No. 20, Ex. A]. Multiplazas then executed an agreement with William Contractor for the construction project on April 13,

1

2007. On August 18, 2015, Plaintiff filed a petition under chapter 11 of the Bankruptcy Code. The instant adversary proceeding against Multiplazas and Banco Popular, filed on November 4, 2015, avers claims for breach of contract, breach of fiduciary duty, lender liability, promissory estoppel, negligent misrepresentation as well as damages.

Specifically, Plaintiff alleges that prior to executing the construction contract with Multiplazas, Banco Popular made several representations regarding borrowing availability to finance the construction job. Furthermore, on May 5, 2007, Defendant sent a letter to William Contractor indicating that Multiplazas had a $26,750,00.00 line of credit with Banco Popular for the construction job. See [Dkt. No. 20, Ex. B]. To the extent that it acted in good faith and in reliance on Defendant's representations, Plaintiff contends that Banco Popular is estopped to deny compensation to William Contractor for the work that had been approved and certified for payment under the credit agreement. Banco Popular contends that Plaintiff's allegations fail to state any plausible claim for which relief may be granted.

## II.        Standard of Review

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In determining whether a plaintiff's complaint provides "fair notice to the defendants" and states "a facially plausible legal claim," the court utilizes a two-pronged approach. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first identifies and disregards statements that are merely "legal conclusion[s] couched as fact" or "threadbare recitals of the elements of a cause of action." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Second, the court treats all properly pled, non-conclusory factual allegations as true. Id.

2

Though the factual material pled must be sufficient "'to raise a right to relief above the speculation level,'" Ocasio Hernandez, 640 F.3d at 12 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), the court may not dismiss a complaint based on disbelief of its factual allegations or a forecast of the likelihood of success on the merits. Id. at 12-13 (citing Twombly, 550 U.S. at 556). As a result, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570).

### III.    Legal Analysis

Defendant argues that Plaintiff's allegations of breach of contract, breach of fiduciary duty, lender liability, negligent misrepresentation, estoppel, and damages warrant dismissal because they fail to state a claim upon which relief can be granted. This Court will address each cause of action in this order.

### A.  Breach of Contract

Banco Popular, while not disputing the validity of the credit agreement between it and Multiplazas, argues that Plaintiff's complaint fails to define the nature and extent of any alleged breach of the agreement by Defendant. [Dkt. No. 20 at 7-10]. Plaintiff responds by arguing that the facts alleged are sufficient to state a claim for breach of contract. [Dkt. No. 21 at 12-14].

Under Puerto Rico law, the elements of a cause of action for breach of contract are: (1) a valid contract, (2) a breach of that contract, and (3) resulting damages. First Medical Health Plan, Inc. v. Caremark PCS Caribbean, Inc., 681 F. Supp. 2d 111, 116 (D.P.R. 2010). "In Puerto Rico, contracts are generally only valid between the parties who execute them," and "[a]ctions arising out of a contract can be prosecuted only by one contracting party against the other." F.C.

3

Imports, Inc. v. First Nat'l Bank of Boston, 816 F. Supp. 78, 93 (D.P.R. 1993) (citing P.R. Laws Ann. tit. 31, § 3374). As a result, "a stranger to the contractual relationship may demand the fulfillment of a contract successfully only if the contract contains a stipulation in his favor." Id. at 93-94 (citing A.L. Arsuaga, Inc. v. La Hood Const., Inc., 90 D.P.R. 104, 107-08 (1964)).

Upon reviewing the complaint, deeming as true all of the well-pleaded facts and drawing all reasonable inferences in Plaintiff's favor, this Court finds that the above mentioned requisites are not met in this case. Plaintiff has not shown that it is a party to the credit agreement executed between Banco Popular and Multiplazas, nor that such agreement contains a stipulation in its favor. Thus, Banco Popular's obligation to disburse the credit advances was to Multiplazas and not to Plaintiff. See [Dkt. No. 20, Ex. A at 63] (stating that the credit agreement is binding only between Multiplazas and Banco Popular).

Insofar as Plaintiff is not a party to the contractual relationship, and the agreement has no stipulation in Plaintiff's favor, it is a third party with no standing to assert a claim for breach of contract. See Muniz-Olivari v. Steifel Labs, 174 D.P.R. 813, 822 (2008) (holding that *ex contractu* actions can only be enforced by the contracting parties). As a result, this Court GRANTS Defendant's motion to dismiss Plaintiff's breach of contract claim.

**B. Breach of Fiduciary Duty**

With respect to Plaintiff's breach of a fiduciary duty claim, Defendant argues that Plaintiff's allegations are mere conclusory statements of law couched as fact, and because there was no contractual privity between Plaintiff and Defendant, this claim fails as a matter of law. [Dkt. No. 20 at 10-11]. Plaintiff responds by simply arguing that it has alleged sufficient facts to establish the existence of a fiduciary duty because Defendant agreed to disburse advances to

4

Multiplazas in compliance with their credit agreement [Dkt. No. 21 at 15-17]. For instance, Plaintiff alleges that "[William Contractor] relied upon the representations and promises that [Defendant] made to [William Contractor] when [it] certified the amounts available for the project and relied on their reasonable belief that [Banco Popular] and [Multiplazas] would act in good faith and fairly, but said defendants breached their representations and fiduciary obligations." [Dkt. No. 21 at ¶ 6].

The court need not expel any further energy on this claim because an examination of the aforementioned allegations reveals that Plaintiff has merely alleged legal conclusions couched as fact. When the court ignores Plaintiff's legal conclusions, all that is left to consider is the letter acknowledging Multiplazas' credit facility with Banco Popular. This alone is not sufficient to allege the existence of a fiduciary relationship and thus a plausible entitlement for relief. See Smith v. Jenkins, 732 F.3d 51, 63 (1st Cir. 2013) (explaining characteristics of fiduciary relationships); Ocasio-Hernandez, 640 F.3d at 12 (concluding that "[a] plaintiff is not entitled 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action.") For these reasons, this Court GRANTS Defendant's motion to dismiss Plaintiff's claim for breach of fiduciary duty.

### C. Lender Liability

A lender corporation may be held liable for the debts of another corporation under the "instrumentality" theory of lender liability. See F.C. Imports v. First Nat'l Bank of Boston, 816 F. Supp. 78, 91 (D.P.R. 1993), *rev'd on other grounds by* Portugues-Santana v. Rekomdiv Intern., 657 F.3d 56 (1st Cir. 2011) (holding that the preponderance of the evidence standard, rather than the clear and convincing evidence standard, applies to a franchisee's contractual fraud

5

claim). According to the doctrine, a lender may be held liable when it exerts such a degree of control over the borrower that that borrower becomes a mere business conduit for the lender. Id. In order to sufficiently plead a claim under this doctrine, a plaintiff must demonstrate the following: (1) that the lender controlled the subservient borrower and (2) that the lender proximately caused plaintiff's harm through misuse of its control. Id. Further, to establish creditor liability under the doctrine, a plaintiff must show that the lender assumed actual, participatory, and complete control of the borrowing entity. Id.

Here, Banco Popular did not exhibit behavior commonly found in successful lender liability claims. See Matter of Clark Pipe and Supply Co., Inc., 893 F.2d 693, 701-02 (5th Cir. 1990). For instance, Banco Popular did not own stock of William Contractor; it did not make any management decisions for William Contractor; it did not place any of its employees as an officer of William Contractor; it never requested that William Contractor take a particular action at shareholder's meetings; it did not dictate to William Contractor which bills to pay; nor did it mislead creditors to continue supplying William Contractor. Id.

This Court relies on this District Court's decision in F.C. Imports, Inc. to support its conclusion that William Contractor's claim is legally deficient. The court in F.C. Imports, Inc. found that the plaintiff's lender liability claim failed because it presented no evidence that the controlling entity controlled the subservient entity. F.C. Imports, 816 F. Supp. at 91-93. Additionally, the plaintiff also failed to establish that the controlling entity's actions proximately caused the plaintiff's harm through the misuse of its control of the subservient entity. Id. at 92. In coming to its decision, the court stressed the fact that there was no single factual allegation asserting how the controlling entity's power over the subservient entity caused the alleged injury

6

to the plaintiff. Id.

This Court finds that William Contractor has not overcome the pleading deficiencies recognized in F.C. Imports, Inc. For one, as previously noted, Plaintiff has not alleged financial and managerial actions taken by Banco Popular that demonstrate its control over William Contractor. Secondly, and described as "most significant" by the court in F.C. Imports, Inc., Plaintiff has not asserted how Banco Popular's control caused its damages. Id. at 93. As a result, this Court finds that Plaintiff's allegations are inadequate to form a valid claim, and thus GRANTS Banco Popular's motion to dismiss Plaintiff's lender liability claim.

**D. Estoppel**

Next, Plaintiff alleges that it reasonably relied on Banco Popular's promise to disburse advances to Multiplazas, for the purpose of remitting such proceeds to William Contractor. Upon this reliance, and to its detriment, William Contractor was not compensated for the work that had been approved and certified for payment—totaling over three million dollars—despite having completed 90% of the construction job. [Dkt. No. 21 at 9].

In Puerto Rico, a court will resort to equity only if no statute can be found to apply to a given controversy. See P.R. Laws. Ann. tit. 31, § 7. The civil law doctrine that no party is allowed to go against its own acts finds its counterpart in the common law doctrine of estoppel. The elements for a cause of action under this doctrine are the following:

> (a) A certain behavior of a subject, (b) that he has given life to a situation contrary to reality, that is, apparent and, through such appearances, may influence the behavior of others[,] and (c) that it be the basis of the trust of another party which has acted in good faith and that, for that reason, has acted in a manner which would cause him prejudice if his trust was defrauded.

Intl. Gen. Elec. v. Concrete Builders, 4 P.R. Offic. Trans. 1221, 1231 (1976).

7

Plaintiff has met the standard required to carry its claim of estoppel beyond the pleading stage. Plaintiff alleges that Defendant represented that it would disburse the credit advances to finance Multiplazas' construction job; that these acts made Plaintiff believe that Banco Popular was willing and able to deliver on the advances; and that acting in good faith and in reliance on Defendant's representations, Plaintiff completed 90% of the job without being compensated for its work. If taken as true, as the court must at this stage of the litigation, these facts are sufficient "to raise a reasonable expectation that discovery will reveal evidence of" estoppel. Twombly, 550 U.S. at 556. Accordingly, this Court DENIES Defendant's motion to dismiss Plaintiff's estoppel claim.

### E. Negligent Misrepresentation and Damages

Finally, Plaintiff avers that Defendant was negligentin assuring Plaintiff that with the credit agreement in place, the credit advances would be well underway, and in failing to inform Plaintiff of important material facts in connection with Banco Popular's true ability to provide financing. Defendant's negligent representations and omissions allegedly caused William Contractor to continue working on the construction job without being compensated for the work that had been approved and certified for payment. In deciding to recover on a tort theory, Plaintiff brings forward a claim under Article 1802 of the Puerto Rico Civil Code.See P.R. Laws Ann. tit.31, § 5141. Banco Popular contends that such claim fails to meet the required pleading standard to survive dismissal. This Court disagrees.

In Muniz-Olivari v. Stiefel Labs., 174 D.P.R. 813 (2008), the Puerto Rico Supreme Court noted that nothing prevents a third party to a contract from claiming the indemnity for his own damages suffered as a result of a contractual breach pursuant to Article 1802. See P.R. Laws

8

Ann. tit. 31, § 5141. Accordingly, <u>Muniz</u> suggests that Plaintiff may set forth a tort claim against Banco Popular for the damages suffered under Article 1802. <u>Muniz</u>, 174 D.P.R. at 822. In so doing, a plaintiff suing for personal injuries on a negligence theory "must establish (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of real and actual damage, and (4) a causal connection between the damage and the tortious conduct." <u>Albertorio-Santiago v. Reliable Financial Servs.</u>, 612 F. Supp. 2d 159, 168-69 (D.P.R. 2009) (citing <u>De-Jesus-Adorno v. Browning Ferris Indus. of P.R., Inc.</u>, 160 F.3d 839, 842 (1st Cir. 1998)). A showing of all these requisites "is required in order to be entitled to an award under Article 1802." <u>Zayas v. Puerto Rico</u>, 378 F. Supp. 2d 13, 24 (D.P.R. 2005).

Plaintiff has met the pleading standard for a cause of action under Article 1802. That is, Plaintiff has properly alleged to this Court's satisfaction that Banco Popular may have had a legal duty as a result of its representations toward Plaintiff, that it may have breached that duty, that Plaintiff may have suffered actual damages, and that the damages may be a direct result of the alleged breach of duty. As a result, this Court DENIES Defendant's motion to dismiss Plaintiff's damages claim under Article 1802.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that the *Motion to Dismiss* [Dkt. No. 20] filed by the Defendant is GRANTED, as to Plaintiff's claims of Breach of Contract, Breach of Fiduciary Duty, and Lender Liability, and DENIED as to Plaintiff's claims of Estoppel, Negligent Misrepresentation, and Damages. Clerk to enter partial judgment accordingly.

In San Juan, Puerto Rico this 1st day of April, 2016.


Brian K. Tester
U.S. Bankruptcy Judge

10