**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **Case No. 15-06311 BKT** |
| **WILLIAM CONTRACTOR, INC.** | **Chapter 11** |
| **Debtor** | |
| **WILLIAM CONTRACTOR, INC.** | **Adversary No. 15-00263 BKT** |
| **Plaintiff** | |
| **v.** | **FILED & ENTERED ON 06/22/2016** |
| **JOSÉ MERCADO, et al.** | |
| **Defendants** | |

**OPINION AND ORDER**

Before this Court is a *Motion to Dismiss* [Dkt. No. 42] filed by Defendants, Mr. José Mercado and Mrs. Sonia Ortiz (collectively, "Defendants"), and two Oppositions thereto [Dkt. No.'s 43 & 60] filed by Debtor, William Contractor, Inc. ("Plaintiff"). For the reasons set forth below, the *Motion to Dismiss* [Dkt. No. 42] is GRANTED.

**I.    Factual Background**

The facts are as follows: On August 18, 2015, Plaintiff filed for relief under chapter 11 of the Bankruptcy Code. [Case No. 15-06311, Dkt. No. 1]. On November 4, 2015, Plaintiff filed a complaint commencing the present adversary proceeding. [Dkt. No. 1]. The complaint listed José Mercado, Sonia Ortiz, and the Conjugal Partnership constituted by them ("Conjugal

1

Partnership"), as well as several others as defendants. [Dkt. No. 1].  The complaint presented nine causes of action in relation to alleged breaches of contract. On March 1, 2016, in response to the complaint [Dkt. No. 1], Defendants filed *Motion to Dismiss* [Dkt. No. 42] under Fed. R. Civ. P. 12(b)(6) challenging the legal feasibility of the complaint. The Defendants argue that the complaint fails to state a claim upon which relied can be granted. [Dkt. No. 42]. Furthermore, Defendants claim that an alleged breach of contract is not premised on provisions found within the Bankruptcy Code but are rather a state law claim, and that service was improperly conducted. [Dkt. No. 42].

On March 14, 2016, Plaintiff filed an *Opposition to Motion to Dismiss*. [Dkt. No. 43]. Said opposition states that the allegations presented in the complaint are tied to the Plaintiff's reorganization, and that if the allegations in their complaint are true that the Defendants' had violated their fiduciary duty and are personally liable if it is demonstrated that they acted in their personal capacity to defraud the Plaintiff. Additionally, they allege that service was correctly conducted pursuant to Fed. R. Civ. P. 4.

## II.     Jurisdiction & Service of Process

Before entertaining any other issues, the Court will consider the Defendants' claim of improper service of process. Fed. R. Civ. P. 12(b)(5) allows a defendant to seek dismissal of a cause of action for plaintiff's failure to sufficiently serve the defendant with process pursuant to Fed. R. Civ. 4. Fed. R. Civ. P. 12(b)(5). A party filing a motion under Rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramirez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006). Specifically, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery

of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2010). Once the sufficiency of service of process is challenged, the plaintiff has the burden of proving proper service. See Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

Fed. R. Civ. P. 4(m), as incorporated through Fed. R. Bankr. P. 7004, provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[1] Fed. R. Civ. P. 4; Fed. R. Bankr. P. 7004. It is clear that Rule 4(m) "encourages efficient litigation by minimizing the time between commencement of an action and service of process." Electrical Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Rule 4(j)).

Plaintiff is not entitled to an extension of the Rule 4(m) period to serve the complaint on the Defendants because it has not met its burden to demonstrate good cause as to why the Defendants have not been served. Fed. R. Civ. P. 4(m); Mendez v. Elliott, 45 F.3d 75, 78-79 (4th Cir. 1991) (holding that a complaint not served within 120 days after it is filed must be dismissed absent a showing of good cause and collecting cases); Rodriguez Gonzalez v. Carrion (In re Rodriguez Gonzalez), 396 B.R. 790 (B.A.P. 1st Cir. 2008) (plaintiff bears the burden to demonstrate the requisite cause for failing to timely serve a summons) (citing De–La–Cruz–Arroyo v. Comm'r of Social Security, No. 97–2378, 1998 WL 1285621 (1st Cir. May 27, 1998)); Moreno-Perez v. Toledo-Davila, 266 F.R.D. 46, 49 (D.P.R. 2010) (plaintiff must show

---

[1] Rule 4(m) was amended to reduce the time for serving a defendant from 120 days to 90 days. This amendment became effective on December 1, 2015, after the events underlying this motion and the filing of the complaint. The court therefore refers to the 120-day time limit.

good cause for its failure to effect service). Good cause requires a showing of diligence and reasonable effort to effect service. In re Hall, 222 B.R. 275, 279-80 (E.D. Va. 1998) (citing T & S Rentals v. United States, 164 F.R.D. 422, 426 (N.D. W. Va. 1996).

It is undisputed that summons was properly issued for Jose Mercado and Sonia Ortiz. [Dkt. Nos. 7 & 8]. However, there is absolutely no evidence of summons issued for the Conjugal Partnership. A plaintiff who presents no evidence regarding the cause for delaying service does not substantially comply with Rule 4(m). PMC Marketing Corp., 2013 WL 3788582, at *2 (Bankr. D.P.R. July 19, 2013). Plaintiff offers no explanation as to why the Conjugal Partnership has not been served. Thus, Plaintiff fails to meet its burden to show good cause for failing to serve the Conjugal Partnership within 120 days under Rule 4(m). Fed. R. Civ. P. 4.

Furthermore, Plaintiff has not demonstrated good cause sufficient to justify extending the 120-day period with respect to Jose Mercado and Sonia Ortiz. On November 9, 2015, Plaintiff sent summonses to Mr. Mercado and Mrs. Ortiz to the following address: PO Box 354561, San Juan, PR 00936-4561. It is uncontested that the aforementioned summonses were returned undeliverable. It is further uncontested that Plaintiff never requested the reissuing of new summonses for Mr. Mercado and Mrs. Ortiz. Instead, Plaintiff resent the undeliverable and original summonses to the Defendants' actual address. However, inadvertent error does not suffice to excuse a litigant's failure to effect timely service. PMC Marketing Corp., 2013 WL 3788582, at *1.

Fed. R. Bankr. P 7004(e) requires delivery of the summons within 14 days after issuance, failure to serve in that time period renders the summons invalid and the service ineffective. Premier Capital, Inc. v. DeCarolis, 2002 WL 47134, at *5-6 (D.N.H. Jan. 2, 2002) (concluding

4

that summons served after deadline prescribed in Rule 7004(e) ineffective); In re Gay, 415 B.R. 872, 873 (Bankr. M.D. Fla. 2009) (holding that "summons not served within [14] days of its issuance becomes invalid"). Typically, the remedy for failing to serve the summons within the 14-day period provided in Rule 7004(e), but before the 120 days provided in Rule 4(m), is the reissuance of a summons and subsequent service of the party. Premier Capital, 2002 WL 47134, at *7 n.4 (D.N.H. Jan. 2, 2002). However, it is uncontested that Plaintiff neither requested the reissuance of summonses for Mr. Mercado and Mrs. Ortiz, nor did it timely request to extend the time for service within the 120 days after the complaint was filed.[2] Therefore, as Defendants have not been served within Fed. R. Civ. P. 4's 120-day time limit, this Court must dismiss the above captioned action without prejudice.[3]

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that Defendants' *Motion to Dismiss* [Dkt. No. 42] shall be, and it hereby is, GRANTED without prejudice.

In San Juan, Puerto Rico this 22nd day of June, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

---

[2] Plaintiff filed its complaint [Dkt. No. 1] on November 4, 2015, the 120-day period to serve ran on March 4, 2016, and Plaintiff requested an extension to serve in its opposition [Dkt. No. 43] on March 14, 2016.

[3] This Court need not go further. As Defendants have not been properly served and "personal jurisdiction is established . . . by proper service of process," this Court does not have jurisdiction to entertain the remaining issues in Defendants' motion to dismiss. Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992).