**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **Case No. 15-06311 BKT** |
| **WILLIAM CONTRACTOR, INC.** | **Chapter 11** |
| **Debtor** | |

| | |
|---|---|
| **WILLIAM CONTRACTOR, INC.** | **Adversary No. 15-00263 BKT** |
| **Plaintiff** | |
| **v.** | <span style="color:red">**FILED & ENTERED ON 06/30/2016**</span> |
| **JUAN R. ZALDUONDO, et al.** | |
| **Defendants** | |

<u>**OPINION AND ORDER**</u>

Before this Court is a *Motion to Dismiss* [Dkt. No. 51] filed by Defendants, Juan R. Zalduondo ("Mr. Zalduondo") and Magdalena Machicote ("Ms. Machiote" or collectively with Mr. Zalduondo, "Defendants"), and the *Opposition to Motion to Dismiss* [Dkt. No. 59] filed by Debtor, William Contractor, Inc. ("Plaintiff"). For the reasons set forth below, the *Motion to Dismiss* [Dkt. No. 51] is DENIED.

### I. Factual Background

The facts are as follows: On August 18, 2015, Plaintiff filed for relief under chapter 11 of the Bankruptcy Code. [Case No. 15-06311, Dkt. No. 1]. On November 4, 2015, Plaintiff filed a complaint commencing the present adversary proceeding. [Dkt. No. 1]. The complaint listed

1

Juan R. Zalduondo, Magdalena Machicote, and the Conjugal Partnership constituted by them ("Conjugal Partnership"), as well as several others as defendants. [Dkt. No. 1]. The complaint presented nine causes of action in relation to alleged breaches of contract in a construction project by Multiplaza de Puerto Rico, Inc.

On April 1, 2016, in response to the complaint [Dkt. No. 1], Defendants filed *Motion to Dismiss* [Dkt. No. 51] challenging the legal feasibility of the complaint. The Defendants argue that, while the pleadings allege the Defendants are shareholders of Multiplaza de Puerto Rico, Inc., the fact is they never were. Furthermore, Defendants argue that the complaint should be dismissed on res judicata grounds. Defendants allege that Plaintiff filed a complaint in the San Juan Superior Court on similar grounds, and that a judgment was entered on September 14, 2010, against Multiplaza de Puerto Rico, Inc. Because the breach of fiduciary duties as officers and shareholders was never alleged in the state court case, Defendants argue that res judicata applies and the above captioned matter should be dismissed.

In its *Opposition to Motion to Dismiss* [Dkt No. 59], Plaintiff argues that its complaint states 27 well-pleaded allegations that involve the Defendants in their fiduciary and personal capacity. Plaintiff further argues that Defendants acted as shareholders, signed the contract at issue, and that they always presented themselves as shareholders and owners of the construction project at issue. Plaintiff does not contest there is state court judgment involving the alleged debt, however, it states that said judgment did not involve damages caused by the Defendants for the breach of fiduciary duties. Essentially, Plaintiff relies on its principal argument that the complaint contains sufficient well pleaded factual allegations that gives the Defendants sufficient information and notice of the basis of the claims against them.

## II. Standard of Review

Motions to dismiss for failure to state a claim are governed by Fed. R. Civ. P. 12.[1] Under Fed. R. Civ. P. 12(b)(6), dismissal is proper for "failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000) (citing Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 52 (1st Cir.1990)). Specifically, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Acosta, 464 B.R. 86, 90 (Bankr. D.P.R. 2011) (citing Twombly, 550 U.S. at 556). Furthermore, "determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

As to the res judicata affirmative defense, the Court notes that "an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (citations omitted). The res judicata affirmative defense is no exception. Id. "[A] court on notice that it has previously decided an issue may dismiss the action . . . consistent with the res judicata policy of avoiding judicial waste," even without a motion. Id. (citing Bezanson v. Bayside Enterps., Inc., 922 F.2d 895, 904 (1st Cir.1990)).

---

[1] Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings.

3

That being said, the Court "accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor." Grillasca-Palou v. U.S. Postal Serv., 573 F. Supp. 2d 493, 495 (D.P.R. 2008) (citing Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 51 (1st Cir.1990)). However, in an opposition to a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir.1991). The Court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

## III.    Legal Analysis

### A.  Dismissal on general grounds

First and foremost, the Court notes that "the parties here were not of great help and the proffer was no model of sparkling clarity." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). While the Defendants raise general arguments that the above captioned matter should be dismissed, they do not specify which Fed. R. Civ. P. 12 subsection they rely on for their argument. As it appears that the Defendants argue that Plaintiff fails "to state a claim . . . [whereby it appears that it] cannot recover on any viable theory[,]" the Court will treat this motion as if it were filed under Fed. R. Civ. P. 12(b)(6). Gonzalez-Morales, 221 F.3d at 48.

Without citing any rule, section, case law, or exhibits demonstrating the contrary, Defendants argue that they simply never were shareholders of Multiplaza de Puerto Rico, Inc. In turn, Plaintiff argues that Defendants acted as shareholders, signed the contract at issue, and that they always presented themselves as shareholders and owners of the construction project at issue. When considering these woefully undeveloped arguments, the Court is compelled to note the

4

"[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones[;] . . . Judges are not expected to be mindreaders." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); McDonough v. Donahoe, 673 F.3d 41, 49 n. 14 (1st Cir. 2012) (holding that conclusory and woefully undeveloped arguments are deemed as waived). Without any case law or structured argument against the Plaintiff's pleadings, the Court is left with a classic "he said, she said" dispute. As the Court "draws all reasonable inferences in plaintiff's favor," we have no choice but to DENY Defendant's request for dismissal under Fed. R. Civ. P. 12(b)(6). Grillasca-Palou, 573 F. Supp. 2d at 495.

### B. The Res Judicata Affirmative Defense

The doctrine of res judicata "generally binds parties from litigating or relitigating any [claim] that was or could have been litigated in a prior adjudication." Puerto Ricans For Puerto Rico Party v. Dalmau, 544 F.3d 58, 69 (1st Cir. 2008) (citing Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 42 (1st Cir.1985)). Under Puerto Rico law, the party asserting res judicata must prove the following three requirements:

> "(i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted."

Id. (citing R.G. Fin. Corp. v. Vergara–Nunez, 446 F.3d 178, 183 (1st Cir.2006)). In the matter at hand, Defendants have failed to provide any evidence to support even the first requirement.

As the "party asserting the res judicata defense, [D]efendants bear the burden of demonstrating that [Plaintiff's] claims were raised or could have been raised in the state proceedings." Id. at 70. While Defendants allege that a judgment was entered against Multiplaza

5

de Puerto Rico, Inc. in state court, they failed to provide evidence of said judgment for this Court's consideration. Therefore, because the Defendants fail to meet the first requirement of the res judicata affirmative defense, the Court need not consider the latter requirements, and DENIES the Defendant's request for dismissal for failure to state a claim.

**IV.     Conclusion**

WHEREFORE, IT IS ORDERED that Defendants' *Motion to Dismiss* [Dkt. No. 51] shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 30th day of June, 2016.

Brian K. Tester
U.S. Bankruptcy Judge

6