**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-06311 BKT** |
| **WILLIAM CONTRACTOR INC** | **Chapter 11** |
| | **Adversary No. 15-00263** |
| **Debtor(s)** | |
| **WILLIAM CONTRACTOR INC** | |
| **Plaintiff** | |
| **vs.** | |
| **JUAN R ZALDUONDO; BANCO POPULAR; ET AL** | |
| **Defendant(s)** | **FILED & ENTERED ON 02/13/2017** |

**OPINION & ORDER**

Before the court is the *Motion to Dismiss* filed by Defendants, Juan R. Zalduondo-Viera, Magdalena E. Machicote and the Conjugal Partnership constituted by them ("Zalduondo-Machicote") [Dkt. No. 112]; Plaintiff's *Opposition to Motion to Dismiss* [Dkt. No. 118]; the *Motion to Dismiss* filed by Defendants, Jose Mercado and Sonia Ortiz and the Conjugal Partnership constituted by them ("Mercado-Ortiz") [Dkt. No. 121]; and, Plaintiff's *Opposition to Motion to*

1

*Dismiss* [Dkt. No. 122]. Given the similar position of these particular Defendants and the factual and legal arguments presented by the parties, the court will adjudicate both these motions to dismiss in this Opinion and Order.

## I. Factual background

On August 31, 2005, Defendants, Multiplazas de Puerto Rico ("MPR") and Banco Popular de Puerto Rico ("BPPR") entered into a credit agreement through which a line of credit was granted to MPR for the construction of Plaza del Mar Shopping Center ("the Shopping"). On April 13, 2007, Plaintiff/Debtor William Contractors, Inc. and MPR entered into a 'Standard Form of Agreement' for the construction of the Shopping center located in Hatillo, Puerto Rico. Mr. William Bonilla and Mr. Jose A. Mercado signed the agreement, in representation of Plaintiff and MPR, respectively. On November 13, 2008, Plaintiff filed, in San Juan Superior Court, a breach of contract and collection action against MPR and BPPR in the amount of $3,767.264.58, case number is KCD2008-4032. It appears that none of the shareholders, officers or directors of the Defendants were parties in the state court action. The contract at issue in that state court action was the foregoing "Standard Form of Agreement. On August 19, 2010 a default judgment was entered against MPR in the sum of $3,955.900.94 and in addition $300,000 was awarded for attorney fees. Later, an order was entered reducing the attorney fees to $5,000.00. On August 18, 2015, Plaintiff/Debtor filed a petition for relief under chapter 11 and on November 4, 2015, Plaintiffs filed the instant proceeding for breach of contract, breach of fiduciary duties, piercing of the corporate veil, money recovery and damages against Banco Popular de Puerto Rico, Banco Popular's officers, Multiplazas de Puerto Rico and its

2

individually named shareholders. Specifically, the eighth cause of action alleged in the amended complaint, the piercing the corporate veil theory, indicates that Defendants acted in bad faith, fraudulently, negligently and breached fiduciary duties when they fraudulently used monies obtained from BPPR's line of credit for personal purposes instead of using it to pay Plaintiff for work performed and certified.

**II. Standard of Review**

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Bell A. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. at 678. A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to contain detailed factual allegations, but only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell A. Corp., 550 U.S. at 555-556. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true," even when their veracity is doubtful. Id. at 555. In other words, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action" Id.; 5 C. Wright & A. Miller, Federal Practice and

3

Procedure § 1216, 235–236 (3d ed. 2004). "A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell A. Corp., 550 U.S. at 556. On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Legal Analysis**

Both motions to dismiss argue that the complaint must be dismissed because the court lacks jurisdiction over the subject matter [Dkt. No. 112], or over the parties themselves [Dkt. No. 121].The court agrees that the causes of action constitute a non-core matter related to a title 11 proceeding. As such, the Supreme Court has given the bankruptcy courts the appropriate guideline to follow. Without the consent of all the parties, the court may only "submit proposed findings of fact and conclusions of law," which the district court reviews *de novo* Wellness Int'l Network, Ltd. V Sharif, 135 S.Ct. 1932 (U.S. 2015).

However limited, the jurisdictional issue is not in the forefront of our analysis of the motions to dismiss. The crux of the matter is how the Zalduondo-Machicote and Mercado-Ortiz Defendants tie into the causes of action presented in the amended complaint. The Plaintiff tries to create a nexus between the Defendants and its claims for payment and damages against the other Co-Defendants. It is undisputed that the contractual relationship in which the Plaintiff bases the causes of action in the complaint was with MPR and BPPR, not with the Defendants in their individual capacity. There does not appear to be any nexus between the parties which may give rise to a claim opposable against the herein individual Defendants.

Furthernore, the existence and legal characteristics of a corporation are governed by state law. Aoki v. Atto Corp., 323 B.R. 803, 811 (B.A.P. 1st Cir. 2005) *citing* Pension Ben. Guar. Corp. v. Ouimet Corp., 711 F.2d 1085, 1093 (1st Cir. 1983). "In the local jurisdiction of Puerto Rico there is a presumption that a corporate entity is separate from its stockholders, directors, officers, employees and/or any controlling entity." Garcia Colon v. Garcia Rinaldi, 2006 U.S. Dist. LEXIS 86418, at *20-21, (D.P.R. 2006) *citing* Fleming v. Toa Alta Development Corp., 96 P.R.R. 234, 237, 96 D.P.R. 240 (1968); Cruz v. Ramirez, 75 P.R.R. 889, 895, 75 D.P.R. 947 (1954). "Corporate directors, officers, and shareholders are generally not liable for the debts of the corporation." Colon v. Blades, 757 F. Supp. 2d 107, 109 (D. P.R. 2010) *citing* Wadsworth, Inc. v. Schwarz-Nin, 951 F.Supp. 314, 322 (D. P.R.1996).

Thus in order to "pierce the corporate veil" and attach liability to a shareholder a party must "show that piercing of the corporate veil is 'necessary or proper or justified' in order to pierce the corporate veil." Garcia Colon v. Garcia Rinaldi, 2006 U.S. Dist. LEXIS 86418 *citing* Mill Factors Corp. v. Registrador de la Propiedad de San Juan, 97 P.R.R. 369, 375, 97 D.P.R. 379 (1969). This must be done by means of strong and robust evidence. See San Miguel Testil Corp. v. P.R. Drydock, 94 P.R.R. 403, 409, 94 D.P.R. 424 (1967). The Complaint as alleged fails to carry this burden in order to provide for this extraordinary remedy.

"A party alleging fraud must prove its existence with uncontroverted and unchallengeable evidence." Monclava v. Financial Credit Corp., 83 P.R.R. 742, 747-748 (1961)). "The party must produce evidence which is strong, clear, unchallengeable, convincing,

5

and conclusive, since a mere preponderance of the evidence is not sufficient to establish the existence of fraud in [Puerto Rico]." Caldazo v. Carrero, 15 P.R.R. 340 (1909)) (internal quotations omitted). "Mere conclusions, conjectures, and suppositions or suspicions are not in and of themselves sufficient to substantiate an allegation of fraud." Serrano v. Torres, 61 P.R.R. 157, 161 (1942)) (internal quotations omitted). Wadsworth vs. Schwarz, 951 F. Supp. 314, 323 (D.P.R. 1996).

In sum, the Plaintiff failed to present a legally sufficient and plausible cause of action against the Defendants to establish their personal liability or to be awarded the opportunity of piercing the corporate veil. The complaint recites numerous legal conclusions peppered with the word "fraudulently" in an apparent attempt to pass them off as factual allegations. That is not sufficient to survive a challenge under FRBP 7012. Therefore, the amended complaint is dismissed against the Zalduondo-Machicote and Mercado-Ortiz Defendants.

**IV. Conclusion**

WHEREFORE, IT IS ORDERED that Defendants' *Motions to Dismiss* shall be, and they hereby are, GRANTED. Clerk to enter judgment.

SO ORDERED

San Juan, Puerto Rico, this 13th day of February, 2017.

Brian K. Tester
U.S. Bankruptcy Judge

6